PUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:15-cr-417-T-24MAP

vs.

RONALD OMAR PELLETIER

_________________________________/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss Indictment Based on Pre-Indictment Delay (the "Motion to Dismiss") (Dkt. 28), to which the government has filed a response in opposition (Dkt. 33) to which the Defendant has filed a reply (Dkt. 39). In the Indictment, filed September 30, 2015, Defendant is charged with possession and production of child pornography from an unknown date to in or about November 2008.

In the Motion to Dismiss, Defendant argues that the Government was in possession of the tape allegedly showing Defendant having sex with a minor (the basis of the Indictment) since 2009, but did not seek an indictment until September 2015. The over six year delay, according to Defendant, has caused him actual prejudice in that a number of favorable witnesses are either dead or suffered memory loss. Further, the six year delay was not for investigative purposes and patently unreasonable. In response, the Government argues the delay was unavoidable and did not benefit the Government. The delay was caused in part by witnesses wishing to remain anonymous, having to deal with the personnel of a foreign government and Defendant's own conduct of frequently traveling and living out of the country.

## I. TIMELINESS OF MOTION TO DISMISS

The Pretrial Discovery order entered by the Magistrate Judge on October 16, 2015, set a deadline for filing pretrial motions of no later than 21 days from the date of the Pretrial Order. Defendant's Motion to Dismiss was filed on February 4, 2016, long after the deadline. No extensions of the deadline were sought by Defendant or granted by the Court. Defendant, an attorney, was representing himself until November 16, 2015 when Defendant's current counsel filed a notice of appearance. The Motion to Dismiss was untimely filed, and the proper procedure would have been for Defendant to file a motion to extend the deadline for filing pretrial motions. However, the Court prefers to rule on the substance of the motion if possible and therefore will proceed to address the Motion to Dismiss.

## II. LEGAL STANDARD

Pre-Indictment delay is determined under the due process clause of the Fifth Amendment. To establish a due process violation based on pre-indictment delay, a defendant must show: "(1) actual prejudice to their defense from the delay; and (2) that the delay resulted from a deliberate design by the Government to gain a tactical advantage." *United States v. Thomas*, 62 F. 3d 1332, 1339 (11th Cir. 1995). Even where a defendant has been prejudiced by delay, if it is investigative delay, the defendant has not been deprived of due process. *Id.* A prosecutor has no obligation to bring charges as soon as she has enough evidence to indict; instead she may wait until she is satisfied that she has enough evidence to establish guilt beyond a reasonable doubt. *Id.*

## III. DISCUSSION

The Government outlines an investigation that began in November 2008 when the video tape was turned over to law enforcement under the "Crime Stoppers" program from someone

who wished to remain anonymous. Law enforcement unsuccessfully attempted to interview Defendant in February 2009. In late 2009 and 2010, two separate HSI agents continued to investigate Defendant and attempted to travel to Cuba where the video tape was allegedly made. In 2011, Cuban authorities contacted the United States requesting a copy of the video. In April, 2014 Cuban authorities responded back. Between 2012 and January 2015, law enforcement attempted to locate the anonymous crime stopper as well as other Pelletier employees at Metro PCS. The crime stopper was located in January 2015 and Pelletier was arrested in June 2015 when he returned to the United States. The indictment was returned on September 3, 2015. In addition to the above investigation, in 2010 and 2011, the case agent contacted and met with Dr. Debra Esernio-Jensen, the then Medical Director of the Child Protection Team at the University of Florida regarding the age of the child in the video.

Defendant argues that when the case was referred for federal prosecution in 2009, the Government knew everything it knows now, and any additional investigation was unnecessary. The unnecessary delay prejudiced Defendant because the other man in the video died, and an acquaintance who could have testified that the girl in the video was not a minor developed Parkinson's disease and dementia. In addition, without the six year delay, Defendant or his acquaintances in Cuba might have been able to locate the girl on the video tape.

A six year delay from the commencement of the investigation until the return of the indictment is a lengthy delay. It is almost always true that a lengthy delay makes it more difficult for both the defendant and the Government to locate witnesses. It also appears to the Court that law enforcement, both the Hernando County Sheriffs' Office and HSI, could have proceeded more expediently. However, to succeed on a motion to dismiss an indictment for pre-indictment delay, Defendant must show that the delay was the product of deliberate action by the

Government designed to gain a tactical advantage over the accused. *United States v. Benson*, 846 F. 2d 1338, 1341 (11th Cir. 1988). In this case, Defendant has failed to show the Government deliberately delayed seeking an indictment to gain a tactical advantage. The delay was the result of law enforcement's ongoing investigation. It may have been a slow, off and on investigation, but "investigative delay is fundamentally unlike delay undertaken by the government solely 'to gain tactical advantage over the accused.'" *United States v. Lovasco*, 431 U.S. 783,795 (1977) (quoting *United States v. Marion*, 404 U.S. 307, 324 (1971)).

Because the Court has found that there is no evidence that the pre-indictment delay was the product of a deliberate action by the Government to gain a tactical advantage, there is no need to discuss whether the delay caused actual prejudice to the conduct of the defense. Defendant has not shown that there was a due process violation, and the Motion to Dismiss is due to be denied.

## IV. EVIDENTIARY HEARING

Defendant requests an evidentiary hearing "to further unpack the facts leading to the six-year delay in filing the indictment." However, because Defendant has not shown the delay was due to bad faith or improper motive on the part of the Government, the Court finds an evidentiary hearing is unnecessary.

Defendant Pelletier's Motion to Dismiss is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of March, 2016.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copies to Counsel of Record