UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:15-cr-417-T-24MAP

vs.

RONALD OMAR PELLETIER
_____/

# **ORDER**

This cause comes before the Court on Defendant Ronald Omar Pelletier's Motion to Withdraw Warrant (Doc. 101), which the Government opposes. For reasons that follow, the motion is GRANTED, and the arrest warrant for Pelletier issued April 24, 2016 for violation of supervised release (Doc. 95) is WITHDRAWN.

On July 5, 2016, Pelletier pleaded guilty, pursuant to a plea agreement, to one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). (*See* Docs. 80, 81). The plea agreement contains the following pertinent agreement between Pelletier and the Government:

> 7. Agreements as to the Term of Supervised Release
>
> The government makes the following two agreements concerning the defendant's supervised release: First, in the event that the defendant has not violated the terms of supervised release, the government agrees that it will not object to the defendant relocating outside the United States prior to the conclusion of the term of his supervised release.

(Doc. 80, ¶ 7). On September 21, 2016, Pelletier was sentenced to eighteen month's imprisonment followed by five years' supervised release. (Doc. 90). At sentencing, the Court agreed to this condition of Pelletier's supervised release when it adopted and accepted the plea

agreement. Special conditions of Pelletier's supervised release also included the payment of a $10,000 fine and the requirement that he participate in a mental health program that specializes in sexual offender treatment. (Doc. 90).

On August 31, 2017, the Court held a hearing on Pelletier's emergency motion to stay deportation. (Doc. 97). The Court ultimately denied that motion because it had no authority to prevent Pelletier's deportation by the Philippine government, but directed counsel for Pelletier to file a motion to withdraw the warrant for Pelletier's arrest, which counsel for Pelletier thereafter filed. (Doc. 101). Present at the hearing were Pelletier's defense counsel, the Assistant United States Attorney, Steve Edwards (the probation officer who prepared the PSR), and Jessica Zapata (the probation officer who petitioned the Court to issue a warrant for the violation of supervised release), and appearing by telephone was Michael Parrish (the probation officer who was supervising Pelletier in the Southern District of Florida).

On October 2, 2016, Pelletier was released from the Bureau of Prisons and began his five year term of supervised release. Pelletier has paid his $10,000 fine but because he underwent heart surgery and hip replacement surgery upon his release, he has not participated in or completed sex offender counseling. According to Michael Parrish, Pelletier's probation officer, Pelletier asked if he could move from the United States to the Philippines, and was advised that he could leave, but only if he obtained a court order. However, Pelletier left the United States for the Philippines without obtaining a court order and without advising his probation officer. On April 24, 2017, a warrant was issued for Pelletier's arrest based on his failure to notify his probation officer of his change of address. (Doc. 95).

According to his attorney, when Pelletier went to renew his passport at the United States Embassy in the Philippines, he was denied permission to do so due to the outstanding warrant.

He was thereafter arrested by Filipino authorities because he did not have a valid passport and because of the warrant. Pelletier is currently detained in the National Detention Facility in Taguir, Philippines, where he remains pending deportation to the United States. The Government opposes the withdrawal of the arrest warrant, arguing that Pelletier should be returned to the United States, punished for absconding contrary to the probation officer's instructions, and made to complete the sex offender counseling before leaving the United States for the Philippines.

Upon review, the Court finds that Pelletier's arrest warrant (Doc. 95) should be withdrawn. Based on the Government's agreement in Pelletier's plea agreement that the Government "will not object to the defendant relocating outside the United States prior to the conclusion of the term of his supervised release," the Court is withdrawing the warrant. (Doc. 80, ¶ 7). Although the arrest warrant is withdrawn, Pelletier is still on supervised release and must comply with all of the terms and conditions of his supervised released including completing the required sex offender program. Therefore if Pelletier returns to the United States, voluntarily or non-voluntarily, during the five year term of his supervised release, he must immediately contact his probation officer and may not leave the United States again without first completing his sex offender treatment program and without first obtaining the permission of the Court.

Accordingly, it is ORDERED AND ADJUDGED that Pelletier's motion to withdraw warrant is GRANTED, and the April 24, 2017 arrest warrant for Pelletier is hereby WITHDRAWN.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of August, 2017.

SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record
Probation Office